```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       HOT SPRINGS DIVISION
```

**COLONY INSURANCE COMPANY**                                        PLAINTIFF

        v.              Civil No. 09-6052

**DOUG PRITCHARD and GEORGIA PRITCHARD**
**D/B/A LONGSHOT SALOON,**
**JASON HAMPSHIRE, PAUL BENNETT and**
**MARK RODRIGUEZ**                                                  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Now on this 23rd day of August 2010, the above referenced matter comes on for consideration of plaintiff's **Motion for Summary Judgment** (documents #23). From said motion, and all other matters of relevance before it, the Court finds and orders as follows:

1. In its complaint, and in the instant motion for summary judgment, plaintiff Colony Insurance Company ("Colony") asks the court to enter judgment declaring:

* that the policy of insurance issued by Colony to Longshot Saloon does not cover or insure Longshot Saloon, Douglas Pritchard or Georgia Pritchard, or Douglas Pritchard or Georgia Pritchard d/b/a Longshot Saloon, as a result of any of the allegations set forth in the Complaint filed against them in Jason Hampshire v. Douglas Pritchard and Georgia Pritchard d/b/a Longshot Saloon, Garland County Circuit Court, Case No. CV 2009-532-2;

* that no coverage is owed as a result of the subject matter of that Complaint; and,

\*   that Colony has no duty to defend as a result of the allegations of that Complaint.

Defendants have made no response to Colony's motion for summary judgment. Nonetheless, the same is now ripe for consideration.

2. Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994)**. Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995)**. The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

3. Based upon the submissions before it, the court concludes that the following are material undisputed facts:

\*   The instant action for declaratory judgment arises out of a separate lawsuit ("the underlying action") filed in Arkansas

state court by Jason Hampshire against Douglas Pritchard and Georgia Pritchard d/b/a Longshot Saloon; Paul Bennett; and Mark Rodriguez.

* At the time material to the case, Bennett and Rodriguez were employees of Longshot Saloon ("Longshot").

* In the underlying action is pending in Garland County Circuit Court, CV 09-532-II, there are allegations

^ that an intentional tort of battery was allegedly committed by Bennett and/or Rodriguez, who were working for Longshot at the time of the incident in question.

^ that Longshot may be liable in the matter -- as a result of the alleged actions of Bennet and Rodriguez -- based on theories of respondeat superior and negligent supervision; and

^ that Longshot failed to use ordinary care in the hiring and training of its employees -- specifically with respect to the amount of force reasonably necessary to execute their duties.

* At the time of the incident giving rise to the underlying action, a policy of insurance, NO. GL3736010, had been issued by Colony to Longshot and was in full force and effect.

* The commercial general liability coverage of the Colony policy (Form CG 00 01 12 04) -- under "SECTION I-COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1.

-3-

INSURING AGREEMENT" -- provides:

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . . .

\*   The following paragraph b in that same policy provides, in pertinent part, as follows:

    b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" . . . .

\*   Paragraph 13 of Section V of Form CG 00 01 12 04 defines the term "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

\*   The Colony policy contains an ASSAULT, BATTERY OR ASSAULT AND BATTERY EXCLUSION which provides as follows:

This endorsement modifies insurance provided under the policy as follows:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.   SECTION I _ COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions and SECTION I _ COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions are amended and the following added:

Assault, Battery or Assault and Battery

This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

(1) "Assault", "Battery" or "Assault and Battery" committed by any person;

(2) The failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by any person;

(3) The failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";

(4) The failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

(5) "Assault", "Battery" or "Assault and Battery" arising out of the negligent hiring, supervision, or training of any person;

(6) The use on any force to protect persons or property whether or not the "bodily injury" or "property damage" or "personal and advertising injury" was intended from the standpoint of the insured or committed by or at the direction of the insured.

B.   SECTION V _ DEFINITIONS is amended and the following is added:

"Assault" means:

a.  an act creating an apprehension in another of immediate harmful or offensive contact, or

b.  an attempt to commit a "Battery".

"Battery" means an act which brings about harmful or offensive contact to another or anything connected to another.

"Assault and Battery" means the combination of an "Assault" and a "Battery."

4.   Since the Court's jurisdiction in this case is based on diversity of citizenship, the Court will look to Arkansas state law when interpreting the provisions of the insurance policy. <u>Shelter Ins. Companies v. Hildreth</u>, 255 F.3d 921 (8th Cir. 2001).

In Arkansas, it is settled law that "[a]n insurer may contract with its insured upon whatever terms the parties may agree upon which are not contrary to statute or public policy." Aetna Ins. Co. v. Smith, 568 S.W.2d 11, 13 (Ark. 1978). "[T]he Court is to determine the plain and ordinary meaning of an insurance contract as a matter of law." Id. at 925. An exclusionary clause is subject to the same rules of contract construction -- its terms must be expressed in clear and unambiguous language. Id. *See also* Norris v. State Farm Fire & Casualty Co., 16 S.W.3d 242, 244 (Ark. 2000).

Further, Arkansas law provides that an insurance policy is to be construed liberally, in favor of the insured. Bakker v. Continental Cas. Ins. Co., 941 F.Supp. 828 (W.D. Ark. 1996). "However, this does not provide the court with license to rewrite the policy, or to import an ambiguity that does not exist, or to force an unnatural or perverted meaning from plain words under the guise of construction." Id. at 829.

5.   Colony argues that the plain, ordinary language of the policy in question unambiguously excludes coverage for the allegations made in the underlying action. It says, specifically:

\*   that the "battery exclusion" clearly and unambiguously excludes coverage for any "battery" committed by any person; and,

\*   that, because the facts surrounding the allegations of respondeat superior and negligent hiring in the underlying action

arise directly out of the alleged battery by employees of Longshot, the Assault and Battery exclusion also clearly excludes coverage for liability based upon those theories.

As previously noted, defendants have not responded to the motion and the Court, having carefully reviewed the matter, concludes that Colony's arguments are sound and well-taken. Accordingly, the Court concludes that the Motion For Summary Judgment should be granted as stated.

7.  Finally, the Court notes that a counterclaim was included in the responsive pleading of Douglas and Georgia Pritchard, d/b/a Longshot Saloon.

Although the instant motion for summary judgment does not specifically address the counterclaim, because the counterclaim simply argues that coverage under the Colony policy *does* exist for the underlying action, the Court finds that the counterclaim should be, and hereby is, **dismissed with prejudice.**

Based upon the reasons set forth above, the Court finds and orders as follows:

**IT IS ORDERED** that plaintiff's **Motion for Summary Judgment** (documents #23) should be, and it hereby is, **granted.**

**IT IS FURTHER DECLARED** that there is no coverage under the Colony policy for the allegations contained in the underlying case of **Jason Hampshire v. Douglas Pritchard and Georgia Pritchard d/b/a Longshot Saloon; Mark Rodriguez; and Paul Bennett,** Garland

County Circuit No. CV 2009-532-2.

**IT IS FURTHER ORDERED** that the counterclaim included in the responsive pleading of Douglas and Georgia Pritchard, d/b/a Longshot Saloon, should be, and it hereby is, **dismissed with prejudice**.

                                  **/s/ Jimm Larry Hendren**
                                  **JIMM LARRY HENDREN**
                                  **UNITED STATES DISTRICT COURT**